## Philadelphia Fire & Marine Insurance Company v. English.

(Decided February 7, 1930.)

786

SQUIRE R. OGDEN, GORDON & LAURENT and WM. F. McMURRY, JR., for appellant.

C. C. GRASSHAM for appellee.

Opinion of the Court by Judge Rees—Reversing.

Appellant issued and delivered to appellee a fire insurance policy insuring furniture and other personal property located in a house then occupied by appellee in West Frankfort, Ill. The furniture was destroyed by fire on December 2, 1927, and appellee instituted this action in the McCracken circuit court to recover on the policy. There were three trials in the lower court. The jury on each of the first two trials disagreed. On the third trial the jury returned a verdict in favor of the plaintiff for $1,000, and the defendant has appealed.

Appellee resided in West Frankfort, Ill., about 18 months. Several months before the fire he rented a house located on East St. Louis street in West Frankfort, and it was in this house that the household goods covered by the policy of insurance were located when the fire occurred. On November 17, 1927, appellee, C. A. English, moved with his family to Paducah, Ky. He left his sister, Laura Triplett, who had lived with him for a number of years, and his brother, Fred English, in possession of the house in West Frankfort, Ill. He left his household goods in West Frankfort when he went to Paducah. The house was a two-story frame structure in front. In the rear, and so connected with the house as to form a part of it, was a one-story extension with a small attic above it.

About midnight on December 2, 1927, a fire was discovered in the house. The rear part of the building was on fire, and at the time of its discovery the fire appeared to be confined to the attic. The fire department was

notified, and the fire was extinguished, but only after considerable damage had resulted. The members of the fire department left the building about 1:30 o'clock on the morning of December 3, and about 3 o'clock on the same morning it was discovered that the house was on fire again and the fire was again extinguished. The firemen found a moonshine still and nine barrels of mash in the attic of the rear wing of the house, and from the evidence it is clear that the fire was caused by the operation of the still. After the first fire had been extinguished an employee of the gas company in West Frankfort attempted to shut off the gas supply from the house by closing a valve located near the meter. At the second fire gas escaping from a pipe near the still was found burning, and upon investigation it was discovered that a pipe had been so constructed as to take gas from the gas main around the meter and carry it to the attic and made the gas from this source available for the operation of the still without passing through the gas meter. C. A. English had paid the rent on the house up to and including the time of the fire.

The insurance company's principal defenses were (1) that the maintenance and operation of the moonshine still in the house in which the insured property was located increased the hazard and rendered the policy void under the following provision of the policy: "This entire policy . . . shall be void . . . if the hazard be increased by any means within the control or knowledge of the insured;" and (2) that the plaintiff intentionally set fire to and burned the property insured under the policy.

We will first dispose of a preliminary question involving the right of the plaintiff to prosecute the action in the McCracken circuit court. The defendant filed an answer in abatement and moved the court to stay the prosecution of the action on the ground that it was vexatious, in that it was brought outside the jurisdiction where the fire occurred; outside the jurisdiction in which the plaintiff actually resided; and outside the jurisdiction where the witnesses lived. Evidence was heard on this phase of the case, and the motion was overruled. In support of its contention that the motion should have been sustained, appellant relies upon Reed's Adm'x v. I. C. Railway Co., 182 Ky. 455, 206 S. W. 794. The facts in that case were that Reed received injuries that resulted

in his death while in the employ of the railroad company as a laborer in its yards in Paducah, Ky. Reed's administratrix brought suit in a circuit court in the state of Minnesota against the railroad company to recover damages for the death of her intestate. Suit was brought under the Federal Employers' Liability Act, which provides that an action may be brought in a Circuit Court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action, and the act has been construed as permitting the action to be brought in a state court at any place where it might be brought in a Circuit Court of the United States. It was held in the Reed case that the administratrix could have filed her suit for damages and obtained a speedy trial with little expense and inconvenience to herself or the company or the witnesses for either, and that it was clear that she was induced to bring the suit in Minnesota in order that the railroad company might be subjected to great and unnecessary expense and for the purpose of vexatiously harassing and annoying it, and she was enjoined from prosecuting the action in the Minnesota court.

However, the facts in the instant case are clearly distinguishable from the facts in the Reed case. The evidence shows that C. A. English, except for a few years, had always resided in or near Paducah, Ky. He left West Frankfort, Ill., with his family on November 17, 1927, and, both at the time of the fire and the institution of this action, was residing in Paducah. West Frankfort, Ill., is approximately 90 miles from Paducah. The majority of the plaintiff's witnesses were residents of Paducah, and it cannot be said that he brought this suit in this state for the purpose of vexatiously harassing and annoying the defendant. It is a transitory action, and he had the right to bring the action in McCracken county, Ky., where he resided and in which the defendant was doing business at the time the action was instituted. It follows that the action of the trial court in refusing to enjoin the plaintiff from prosecuting his action in the McCracken circuit court was proper.

As other grounds for reversal it is urged that (1) the court should have given a peremptory instruction for defendant, because the evidence conclusively shows that the plaintiff was in possession and control of the property

in which the moonshine still was operated; (2) the instructions are erroneous; (3) the verdict is flagrantly against the weight of the evidence; (4) the plaintiff failed to comply with the provisions of the policy requiring him to furnish proof of loss, and the action cannot be maintained until he complies with the policy provision.

Grounds 1 and 2 will be disposed of together. In order to show that the plaintiff was in possession and control of the house in which the insured property was located, and that the moonshine still was operated with his knowledge and by means within his control, defendant introduced a number of witnesses to show that the plaintiff was in the house at the time the fire occurred. He had testified that he had never been in West Frankfort, Ill., after he left on November 17, 1927. G. H. Cremeens and his wife and family lived next door to C. A. English and had lived there for 7 or 8 months before the fire. Mrs. Cremeens testified that shortly after the fire started the plaintiff, his sister, Laura Triplett, and his two brothers, Fred English and Gus English, and Mrs. Fred English came to her house. The two women spent the night in the Cremeens home, but the plaintiff and his two brothers stayed in the house about 15 minutes and left. She stated that she had lived next door to C. A. English for several months and knew him well. She also stated that she saw C. A. English two or three times before the fire and after he had taken his wife and family to Paducah. Chas. W. Langley, captain of the Salvation Army corps in West Frankfort and a member of the volunteer fire department, testified that he had known the plaintiff, C. A. English, for 18 months before the fire, and that he saw him at the fire and talked with him for about 5 or 10 minutes. Walter Campbell, also a member of the volunteer fire department, testified that he knew the plaintiff and saw him at the fire. A number of other witnesses testified that they saw plaintiff in West Frankfort a few days before the fire. The plaintiff testified that the still was not in the house when he left West Frankfort on November 17, and that it was not placed there with his knowledge or consent, and that he was never in West Frankfort after November 17, 1927. Several members of his family testified that he was in Paducah when the fire occurred. Thus it will be seen that there was some evidence tending to show that appellee was not in West Frankfort after November 17, 1927, and that the still was

installed without his knowledge and by means not within his control. The appellant, therefore, was not entitled to a peremptory instruction to find for it, but whether or not the verdict is flagrantly against the evidence is not now determined.

The court gave the following instruction:

"If you shall believe from the evidence that the still mentioned in the evidence was at the time of the fire located in the house in which plaintiff's household goods were located, with the knowledge or consent of plaintiff, and that the fire complained of was occasioned by said still or the operation thereof; or if you shall believe from the evidence that plaintiff procured the burning of the house goods mentioned in the evidence, then the law is for the defendant and you will so find."

In lieu of the word "consent" in the above instruction, the words "by means within the control" should have been used, and the instruction as given was prejudicially erroneous. The court also should have told the jury what, under the evidence, would be means within his control. See Colker v. Connecticut Fire Insurance Co., 224 Ky. 837, 7 S. W. (2d) 502. The word "consent" added nothing to the instruction, but the still might have been operated by means within the plaintiff's control and yet without actual knowledge on his part. If, in the exercise of ordinary care, under the facts known to him, he should have known that the still had been installed and was being operated, then it was being operated by means within his control. Colker v. Connecticut Fire Insurance Company, supra. We conclude that defendant's motion for a peremptory instruction was properly overruled, since there was some evidence contradictory of the evidence which tended to show that the still was being operated with plaintiff's knowledge or by means within his control, but that the instruction as given was prejudicially erroneous.

It is also insisted that plaintiff failed to comply with the provision of the policy requiring him to furnish proof of loss, and that the action cannot be maintained until he complies with the policy provision. A proof of loss supposedly filed and sworn to by C. A. English was delivered to the insurance company within 60 days after the fire. On the first or second trial it developed that his sister,

Laura Triplett, made out the proof of loss and signed the name of C. A. English and appeared before a notary public and was sworn as C. A. English. On the last trial defendant filed a third amended answer in which it denied that plaintiff has furnished a proof of loss. No reply to the third amended answer was filed, but none was necessary, as plaintiff had alleged in his petition that the proof of loss had been prepared and delivered to the defendant, and also that defendant had denied liability. The third amended answer made an issue. Plaintiff's sister testified that she prepared, signed, and delivered the proof of loss at his request, and whether or not under the circumstances it was sufficient need not be determined, since a denial of liability is a waiver of the necessity for proofs. Staples v. Continental Insurance Company, 223 Ky. 842, 5 S. W. (2d) 265. There was evidence for the plaintiff that defendant had denied liability, and there was no evidence to the contrary.

All questions not discussed are reserved.

For the reasons indicated the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.